UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TIMOTHY M. NASH, ) | CASE NO. 1:11 CV 330 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| CUYAHOGA COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

On February 15, 2011, plaintiff pro se Timoth M. Nash, an inmate at the Cuyahoga County Jail, filed the above-captioned action under 42 U.S.C. § 1983 against Cuyahoga County, former Cuyahoga County Sheriff Gerald T. McFaul, Cuyahoga County Sheriff Bob Reid, Cuyahoga County's Eighth District Appeals Court, Court Clerk Gerald E. Fuerst, Ohio Supreme Court Clerk Kristina D. Frost, and Ohio Supreme Court Deputy Clerk of Court Joella. Plaintiff complains he has been unable to file challenges to the jurisdiction of the trial court in his state criminal proceeding, because he cannot get papers notarized in the Cuyahoga County Jail. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

Regardless of the constitutional basis on which a prisoner's right of "access to the

courts" is grounded, the right is not unlimited in scope. Knop v. Johnson, 977 F.2d 996 (6th Cir. 1992). Actual injury is a constitutional prerequisite to claim of denial of access to the courts. Lewis v. Casey, 518 U.S. 343 (1996). Moreover, the injury requirement is not satisfied by just any type of frustrated legal claim. Id.

Despite Mr. Nash's generalized assertion of denial of access to the courts, a careful review of the complaint reveals no serious allegation of actual injury to him from defendants' alleged conduct.[1] Plaintiff's conclusory claim is thus insufficient and properly subject to summary dismissal. Plunkett v. Luttrell, No. 94-6512, 1995 U.S. App. LEXIS 9501, at *2 (6th Cir. Apr. 21, 1995)(citing Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir. 1985)).

Accordingly, this action is dismissed under section 1915A. Further, the court certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/Dan Aaron Polster 3/31/11*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[1] The docket in plaintiff's pending criminal case reflects he is currently represented by counsel - State v. Nash, CR-11-547709, http://cpdocket.cp.cuyahogacounty.us/p_CR_Docket.aspx - and thus has no right to file matters himself in that case. Lewis, 518 U.S. at 355.

2